## GUNNELL *v.* BIRD.

1. In stating partnership accounts, where one partner has had entire charge of the business, he is to be debited with the whole capital placed in his hands, as well as with the proceeds of sales realized by him.

2. If part of the capital consisted of stock, which has been used in the business, or disposed of and the proceeds charged against him, he should be credited with such stock as a disbursement, to the amount at which it was originally charged against him.

3. An allegation in an answer entirely impertinent to the bill cannot be used as evidence for the defendant, even though the plaintiff neglect to file a replication.

APPEALS from the Supreme Court of the District of Columbia; the case, as clearly proved, or admitted by the parties, being thus:

On the 1st of May, 1845, Gunnell on one side and Bird and Hepburn on the other, entered into copartnership in the lumber business as equal partners, entitled to an equal share of the profits. Gunnell was the active partner, and put in, as his part of the capital, a stock of lumber valued at $6627.56, and Bird and Hepburn put in $7775.65 in cash, making a joint capital of $14,403.21. The business was carried on for four years, during which period the gross amount of sales was $93,471.11, and the disbursements were, for lumber purchased of others, $55,146.55; for general expenses, $12,242.95; for lime, $732.18; and for rent, not contained in the other accounts, $111, making a total of $68,232.68. At the termination of the partnership the stock on hand, books, and unsettled accounts, were turned over by Gunnell to Bird and Hepburn, who collected $7775.68 (including what they had previously received), and retained in hand bad and uncollected debts to the amount, in 1852, when, as hereafter mentioned, the case came before the auditor, of $5461.56.

The parties were unable to agree upon a settlement of the partnership accounts, and Bird and Hepburn filed their bill in August, 1850, against Gunnell to obtain an adjustment. After answer an auditor was appointed, who reported in

August, 1852, that Gunnell was indebted to Bird and Hepburn in the sum of $3001.56, with interest from the 1st of May, 1849, the time of the dissolution of the partnership. The auditor stated the account thus:

| | | | |
|---|---|---|---|
| The total sales during the partnership made by the defendant, | | | $93,471 11 |
| The total amount of lumber and other articles purchased by the defendant for carrying on the business, | $55,146 55 | | |
| And as increased by lime purchased, not included in the above amount, | 732 18 | | |
| | | $55,878 73 | |
| Amount of the expenses of conducting the business, | $12,242 95 | | |
| And as increased by rent still unpaid, and not included in the above, | 111 00 | | |
| And by interest on the difference of capital, | 183 52 | | |
| | | 12,537 47 | |
| Amount of bad and outstanding debts, property, &c., | | 5,461.56 | |
| | | | 73,877 76 |
| | | | $19,593 35 |
| Gunnell's capital, | | $6,627 56 | |
| Bird and Hepburn's, | | 7,775 65 | |
| | | | 14,403 21 |
| Net profit, | | | $5,190 14 |
| Half to each, | | | $2,595 07 |
| Gunnell's capital, | $6,627 56 | | |
| His share of the profits, | 2,595 07 | | |
| | | $9,222 63 | |
| Bird and Hepburn's capital, | $7,775 65 | | |
| Their share of the profits, | 2,595 07 | | |
| Interest on difference of capital, | 183 52 | | |
| | | 10,554 24 | |

Capital and profit and interest due Bird and Hepburn:

| | | |
|---|---|---|
| Bird and Hepburn, | | $10,554 24 |
| Collected by them since the dissolution, ...d amount of their individual accounts on the books of the complainants, as shown, | | 7,552 68 |
| Balance of cash due to the complainants in the defendant's hands, | | $3,001 56 |

Both the complainants having died, a bill of revivor was afterwards filed; a pure bill of revivor, stating only the facts necessary to have the cause revived, and the proceedings continued from the point reached when the complainants died, and concluding with the prayer for a writ to the defendant *to show cause* why the suit should not be revived.

Rule No. 56, regulating equity proceedings, provides in such case that if no cause to the contrary be shown by next rule-day, " the suit shall stand revived, as of course." The subpoena was served in June, 1859. No answer was made by the defendant until October following, and so the suit stood revived on the first Monday of August at latest.

Then the defendant, in October, filed an answer to the bill of revivor, admitting the facts stated in the bill, but going on to state new matter as to the conduct of the complainants in regard to the books, &c., and setting up that Bird and Hepburn should be charged with all the bad and uncollected debts, because by the use of due diligence they could have collected them, but had failed to do so.

*To this answer no replication was put in.* The matter being referred again to the auditor, he simply affirmed his old report.

Exceptions were taken to the report by both parties, but it was confirmed by the special term of the court, whose decision was affirmed by the general term. From that decision an appeal was taken to this court, and the question now before this court was, whether the auditor's report was correct.

*Mr. J. H. Bradley*, in support of it.

*Messrs. Carlisle and McPherson, contra.*

Mr. Justice BRADLEY delivered the opinion of the court.

The opinion of the court is that the auditor committed an error, and we should refer the cause back for a further report if we deemed it necessary to do so; but the facts are confined within such narrow limits, and are so clearly ascer-

tained by the proofs and admissions of the parties before the auditor, that we deem it a useless formality.

The error of the auditor consists in not charging Gunnell with the capital contributed by the partners and placed in his hands, and not crediting him with the cost of the lumber originally contributed by himself.

Being the active managing partner, it is plain that he should be charged with—

| | |
|---|---:|
| First, the whole capital, | $14,403 21 |
| Secondly, the proceeds of sales, | 93,471 11 |
| Amounting in all to | $107,874 32 |

He received these amounts, and he should be charged with them.

On the other hand, it is equally plain that he should be credited with—

First, the lumber on hand when the business was commenced, he having disposed of it, and being charged with the proceeds instead.

| | |
|---|---:|
| This, as charged to him, was | $6,627 56 |
| Secondly, the amount paid out by him to others for lumber, which was | 55,146 55 |
| Thirdly, the general expenses of the business, | 12,242 95 |
| Fourthly, the item paid for lime, | 732 18 |
| And the item paid for rent, | 111 00 |
| Amounting in all to | $74,860 24 |
| And leaving a balance in hand, at the conclusion of the business, of | $33,014 08 |

The original capital had been increased to this sum, and had the assets all been good, there would have been a clear profit of $18,610.87. But the bad and uncollected debts being deducted, the profit is reduced to $13,149.31; one-half of which, besides his or their original capital, belonged to each party.

| | |
|---|---:|
| Gunnell's capital was | $6,627 56 |
| His half of the profits was | 6,574 65 |
| Total amount due to Gunnell, | $13,202 21 |
| Bird and Hepburn's capital was | $7,775 65 |
| Their half of the profits was | 6,574 66 |
| Total amount due to Bird and Hepburn, | $14,350 31 |

There remains to be adjusted a question of interest due to Bird and Hepburn for having contributed more capital than Gunnell whilst the business was being carried on. The auditor makes this interest $183.52, one-half of which should be deducted from the share of Gunnell, and added to that of Bird and Hepburn. This would reduce the former to $13;110.45, and raise the latter to $14,442.07.

Now the books show that Bird and Hepburn drew and collected only $7552.68. This left a balance still due them of $6889.39 to be accounted for by Gunnell.

In this account neither party is charged with the bad and uncollected debts. They are simply deducted from the profits, and the loss is thus equally divided. It is claimed by the defendant that Bird and Hepburn should be charged with the whole of this loss because they had the securities and failed to collect them, when, by the use of due diligence, they might have done it. This fact does not appear in the case except by the unsupported allegation of the defendant, made in his answer to the bill of revivor. This portion of the answer was entirely impertinent to the bill, which was strictly and purely a bill of revivor. No formal replication was required to avoid its effect as evidence in the cause.

The result is that the complainants are entitled to a decree against the defendant for the sum of $6889.39, with interest from the 1st day of May, 1849, and costs. The decree of the District Court must be REVERSED, and a decree rendered

FOR THE COMPLAINANTS ACCORDINGLY.