## HELLEBUSH *v.* COUGHLIN.

*(Circuit Court, S. D. Ohio, W. D. January 26, 1889.)*

PARTNERSHIP—CONSTRUCTION OF AGREEMENT.

The articles of copartnership between complainant and defendant provided that complainant should contribute as his share of the capital the exclusive use of his three-fourths interest in certain patented improvements, to be used in the manufacturing business of the firm, together with his three-fourths interest in the property and assets of a certain marble company; that he should contribute such money as might be needed for the purchase of necessary machinery and materials, on which he was to have interest. He was to attend to the financial management of the business, and place the manufactured goods of the firm upon the market. Defendant was to contribute as his share of the capital his one-fourth interest in said patented improvements and his one-fourth interest in the property and assets of said marble company, and was to apply his skill and experience, and devote all his time and personal services to the business of manufacturing. The profits and losses were to be shared equally. At the termination of the partnership, each partner, after payment of the firm debts, was entitled first to withdraw his contribution to the capital, and the residue of the assets, if any, to be divided equally. The business proved unprofitable, the bulk of the capital stock being lost. *Held,* that the articles were not open to the construction that defendant's skill was put in against complainant's capital so as to relieve him from liability to complainant for one-half the loss.

Suit by Clemens Hellebush against Reese P. Coughlin to recover a balance on partnership account.

*Long, Avery, Kramer & Kramer,* for complainant.

*Black & Rockhold* and *Parkinson & Parkinson,* for defendant.

SAGE, J. The articles of copartnership between the parties provided that the complainant should contribute as his share of the capital the exclusive use of his three-fourths interest in certain patented improvements, to be used in the manufactures of the copartnership, together with his three-fourths interest and ownership in the property and assets of the Eagle Marble Company; that he should contribute such money as might be needed for the purchase of necessary machinery and materials, not to exceed $5,000, on which he was to have interest, payable annually. He was to attend to the financial management of the business, and place the manufactured goods of the firm upon the market. He alone was authorized to sign checks for the firm. The defendant was to contribute, as his share of the capital, his one-fourth interest in said patented improvement, and his one-fourth interest in the property and assets of said Eagle Marble Company, and was to apply his skill and experience, and devote all his time and personal services, to the manufactures of the firm, which were to be under his charge and management. The profits and losses were to be shared equally. At the termination of the partnership, each partner, after payment of the firm debts, was entitled first to withdraw his contribution to the capital; defendant's contribution to be estimated at $1,000, and complainant's at $8,000, the residue of the assets, if any, to be divided equally. The business was unprofitable. All the capital stock was lost excepting about $800, now in the

hands of the receiver. The defendant claims that this loss, excepting what was paid by the sale of his interest in the property and assets of the firm, must fall upon complainant, for the reason that, inasmuch as he lost his time and labor, or, in other words, his skill was put in against complainant's capital, it would be unjust and inequitable to allow complainant to recover one-half of the said loss from him. This position is not tenable, for the following reasons:

1. Each partner contributed to the capital. The valuation of the contribution of each is fixed by the articles. The province of each in the management of the business is defined, and the plain construction of the articles leaves no room for the claim that the defendant's skill was put in against the complainant's capital. The complainant was to attend to the finances and to the sales, and the defendant to the manufacturing department. Doubtless the defendant's undertaking to devote his time, labor, and skill to that department secured to him the concession of an equal share of the profits, but that concession is coupled with the express and explicit stipulation that he should also share equally in the losses, which is altogether inconsistent with the claim now made.

2. The articles, in terms, provide that all that the complainant put into the firm should be credited to him as his contribution to the capital. That in words made him a creditor of the firm for the full amount of his contribution. This plainly refers to the tangible property, and money contributed, and not to the contribution of the exclusive right to use his interest in the invention. The defendant was to have, in like manner, credit for his contribution. The complainant's contribution amounted—so it was agreed in the articles—to $8,000, and the defendant's to $1,000. When the firm became insolvent, the first thing to be done was to pay the creditors who were not members of the firm. The next thing to be done was to settle the accounts of the partners *inter sese*, and in that settlement each must be treated as a creditor for the amount of his contributions to the capital. If the surplus remaining after paying outside creditors was more than sufficient to balance the accounts of the parties one with the other, the residue would have to be divided equally between them, for so it is stipulated in the articles. But the entire surplus is insufficient to balance those accounts. It is very much less than the excess of the complainant's credits over the defendant's. This plain statement of the matter, which is in accord with the rule stated in Lindl. Partn. § 587; Bates, Partn. 810, 812; and *Gunnell* v *Bird*, 10 Wall. 304, renders it unnecessary to comment upon the authorities cited in the briefs of counsel, and brings the court to the conclusion that the complainant is entitled to the entire surplus, and it will be ordered accordingly.