## DUNHAM v. CARSON.

1. DEATH OF DEFENDANT—REVIVOR—ANSWER.—Under the Code of Procedure, an action is revived against the heir and devisee of a deceased defendant after answer made by mere motion, and the substituted defendants are bound by all prior proceedings in the cause, and may not answer generally, but may contest only their alleged relationship to the deceased. The former practice stated.

2. DEVISE TO HEIRS.—Where a devise is precisely what the devisees would have taken if there had been intestacy, they take by descent and not by purchase.

3. PRACTICE ON REVIVOR.—The proper practice of reviving an action against the representative of a deceased party is by *ex parte* application, based upon proper showing by affidavit, for a rule against the representatives of the deceased's interest, requiring them to show cause why the action should

not be continued against them in the character ascribed; and upon default in showing good cause, the action will be continued.

Before IZLAR, J., Charleston, July, 1893.

Action by C. T. Dunham against Caroline Carson. The order appealed from was as follows:

The plaintiff makes application to the court to have the above entitled action continued against the heirs and devisees of the defendant, Caroline Carson, who has departed this life since the commencement of this action. It appears that the defendant, Caroline Carson, died testate on the 15th day of August, 1892, leaving surviving her as her only heirs at law and devisees her two sons, William Carson and James Petigru Carson, both of whom are of full age, and reside in the State of New York. That the last will and testament of Caroline Carson has been admitted to probate in the Probate Court for the County of Charleston aforesaid, and that by said will the testatrix devises to her said sons all the real estate of which she was seized at the time of her death, wheresoever situate. On this state of facts an order is asked, continuing the action against the said William Carson and James Petigru Carson, as the sole heirs and devisees of Caroline Carson, deceased, in like manner as the same would have been continued against the said Caroline Carson, had she survived, and that the said William Carson and James Petigru Carson be served with copies of said order by publication, as provided in the case of a summons, under section 156 of the Code of Procedure of this State.

After investigation, I find the practice in cases like this undefined and unsettled—at least, in this State. I do not think, however, that the plaintiff is entitled to the order in the shape in which it is proposed. The order allowed under the New York practice, if I apprehend that practice, in cases of this nature, is different, and seems to me to be more reasonable and just. I have determined, therefore, to follow that practice as to the order of revivor and continuance; and to direct that copies of the order be served upon the said William Carson and James Petigru Carson, by publication, as provided for service of summons upon absent defendants. The order may well take

the place of the summons, and be served in like manner, in the absence of any statute regulating the practice in such cases.

It is, therefore, ordered, that William Carson and James Petigru Carson, sole heirs and devisees of Caroline Carson, above named, appear and answer the complaint herein, within twenty days from the service of this order upon them, or that in default thereof, the plaintiff may apply to the court for an order entering their appearance, and directing the action to stand revived and continued against them, as heirs at law and devisees of Caroline Carson, and that the answer of Caroline Carson be then deemed the answer of said William Carson and James Petigru Carson, as heirs at law and devisees of Caroline Carson. It is further ordered, that copies of this order be served upon said William Carson and James Petigru Carson, by publishing the same once a week for six successive weeks in the daily News and Courier, a newspaper published in the city of Charleston, in said State, and by depositing a copy, postage prepaid, in the post office, directed to each, the said William Carson and James Petigru Carson, at No. 16 Exchange Place, in the city and State of New York; provided, that if personal service can be made upon said William Carson and James Petigru Carson out of the State, as provided in the case of a summons, in section 156 of the Code of Procedure, the same shall be equivalent to and in lieu of the publication and deposit in the post office hereby ordered.

Plaintiff appealed on the following grounds: 1st. That his honor erred in not granting the order asked for by the plaintiff, and in the form asked for by him. 2d. That his honor erred in granting leave to the heirs of Mrs. Carson to answer the complaint generally, whereas his honor, if he allowed them to answer at all, should have restricted the answer to matters showing a lack of right on the part of the plaintiff to continue the cause as against the heirs of Mrs. Carson. 3d. That his honor should have ruled that, under a motion to continue a cause as provided in section 142 of the Code of Procedure, parties against whom the same is continued are bound by all prior proceedings in the cause against the party in privity with,

25—42

and as representing whom, the cause is to be continued against them, and that they have no fresh or additional right to answer, but the right to continue as against them is absolute. 4th. That his honor should have ruled that the motion under the said section of the Code of Procedure to continue is *ex parte*, like the issuing of process to bring in an original party to a suit; and that it is competent for the parties against whom the cause is sought to be continued, if they can show that the cause should not be properly continued as against them, on motion to dismiss the complaint or to rescind the order as against them. 5th. That his honor should have held that under the said section of the Code of Procedure, the utmost that he could do was to make a rule *nisi* against the parties against whom the case was sought to be continued, to show cause, if any they could, why such cause should not be continued as against them; and upon failure to show such cause, that the order continuing the same against them should be made absolute.

*Messrs. Mitchell & Smith,* for appellant.

*Messrs. H. E. Young* and *J. Lowndes,* contra.

October 15, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action for the foreclosure of a mortgage of real estate, and after the case had proceeded to a stage in which it was ready for a hearing on the merits, the defendant departed this life, leaving, as alleged, her last will and testament, whereby, amongst other things, she devised to her two sons, William Carson and James Petigru Carson, who are her sole heirs, the premises covered by the mortgage which the plaintiff is seeking to foreclose. Upon these facts, stated more in detail in an affidavit submitted, the plaintiff applied to his honor, Judge Izlar, for an order: 1st. That the action be continued against the said William Carson and James Petigru Carson, the sole heirs and devisees of the said Caroline Carson. 2d. That a copy of the order be served by publication on the said William Carson and James Petigru Carson, who are absent from and

reside beyond the limits of this State, to wit: in the city and State of New York. 3d. "That said William Carson and James Petigru Carson shall have until twenty days after the last publication herein ordered, or twenty days after personal service on them in lieu of said publication, to appear and continue to defend this action, and in default of any such appearance within the time aforesaid, the plaintiff may proceed with the cause against them in like manner, force, and effect as if the said Caroline Carson had survived, and for such time forth made default herein."

Judge Izlar, before hearing the motion, stated that he had been requested by Mr. H. E. Young, counsel on record for Caroline Carson, deceased, defendant, to give him notice before granting any order in the case. Thereupon, Mr. Young was sent for, came into court, and argued against the motion, stating that he did not appear for the devisees of Mrs. Carson, but as *amicus curiæ*. In the course of the argument counsel for plaintiff asked the court if it declined to grant the order in the form asked for, then to modify it only to the extent of issuing a rule *nisi* against the heirs of Mrs. Carson, to show cause why the action should not be continued against them, and in default of good cause shown, that the same be so continued. After hearing argument, the court refused to grant the order as asked for by plaintiff, and on the 30th of August, 1893, granted an order, a copy of which is set out in the "Case," and which should be incorporated in the report of the case. This order contains the following paragraph: "It is, therefore, ordered, that William Carson and James Petigru Carson, sole heirs and devisees of Caroline Carson, above named, appear and answer the complaint herein within twenty days from the service of this order upon them, or that in default thereof, the plaintiff may apply to the court for an order entering their appearance, and directing the action to stand revived and continued against them, as heirs at law and devisees of Caroline Carson, and that the answer of Caroline Carson be then deemed the answer of said William Carson and James Petigru Carson, as heirs at law and devisees of Caroline Carson."

From this order, plaintiff appeals upon the several grounds

set out in the record, which need not be repeated here, but should be set out in the report of the case. These grounds practically impute the following errors to the Circuit Judge: 1st. In not granting the order as asked for. 2d. In allowing the parties sought to be brought in to answer the complaint generally. 3d. In not holding that, under a motion to continue a cause, under section 142 of the Code, the parties proper to be brought in are bound by all former proceedings in the cause, and have no right to answer generally. 4th. In not holding that such a motion is *ex parte*, and the remedy of a party claiming to have been improperly brought in, is by a motion to dismiss the complaint or rescind the order as to him. 5th. That the Circuit Judge should, at least, have granted a rule *nisi* against those proposed to be brought in, to show cause why the action should not be continued against them, and upon default in showing such cause, the order continuing the action against them be made absolute.

We do not propose to take up these several assignments of error in detail, but rather to consider the general question as to what is the proper practice in a case like this. It seems to us that the manifest object of the Code of Procedure was to carry out the mandate of the Constitution, as contained in sec. 3, art. V., to "simplify and abridge the rules, practice, pleadings, and forms of the courts now in use in this State," and, therefore, when by section 142 of the Code it was provided that: "No action shall abate by the death * * of a party * * if the cause of action survive or continue. In case of death * * of a party, the court, on motion, at any time within one year thereafter * * may allow the action to be continued by or against his representative or successor in interest," the manifest purpose was to dispense with the necessity for the cumbrous proceeding by bill, and its accompaniments, and to substitute in lieu thereof a simple motion; and such seems to have been the view taken by this court in *Best* v. *Sanders*, 22 S. C., 589. It is but natural and proper, therefore, that we should look into the former practice, in a case like the present, where it became necessary to revive an action, because of the

death of the defendant, by means of a bill of revivor, in order to ascertain the rights of the parties under such a proceeding.

By reference to Story's Eq. Pl., sec. 370 and 377, it will be seen that in such cases the general rule was, that no answer to a bill of revivor was either necessary or proper, except simply to put in issue the fact as to whether the party sought to be brought in bears such a relation to the deceased as makes him a proper party; as for example, whether he is the heir at law or administrator of such deceased party. If the defendant in his answer to such a bill should undertake to state other matters, or set up defences to the original bill, the answer would have been treated as impertinent. In *Fretz* v. *Stover*, 22 Wall., 198, after answer filed and testimony taken, the defendant Stover died, and a bill of revivor was filed to make his brother, who was his sole devisee and legatee, and also the executor of his will, a party defendant. The brother appeared and answered, admitting the character imputed to him by the bill, and setting up new defences. The court held such new defences impertinent, saying: "Nothing could be brought into the litigation by the bill of revivor besides the mere question whether the brother brought in on the bill of revivor was the executor of the will of Stover, and his legatee and devisee." The same doctrine was held in *Gunnell* v. *Bird*, 10 Wall., 304. See, also, to the same effect 3 Dan. Ch. Pl. & Prac. (Perkins' edit.), 1711.

It is contended, however, that where the parties sought to be brought in were devisees and not heirs at law, that is, where the relationship of the new parties to the deceased arises from the act of the parties and not by operation of law, the action could not be revived by an ordinary bill of revivor, but that it was necessary to file an original bill in the nature of a bill of revivor. In 3 Dan. Ch. Pl. & Prac., 1718, the author, after stating that where the transmission of interest was by operation of law, "there is no other fact to be ascertained than whether the new party brought before the court has the character imputed to him," goes on to say that there are cases in which other facts may be brought into litigation: "Thus, if the death of a party, whose interest is not determined by his death, is attended with such a transmission of his interest that the title

to it, as well as the person entitled, may be litigated in the
Court of Chancery, as in the case of a devise of real estate, the
suit cannot be continued by a mere bill of revivor. An original
bill, upon which the title may be litigated, must be filed; and
this bill will have so far the effect of a bill of revivor, that if
the title of the representative substituted by the act of the de-
ceased party is established, the same benefit may be had of the
proceedings upon the former bill, as if the suit had been con-
tinued by a bill of revivor." The reason for this distinction,
as stated in note 2 to section 379 of Story Eq. Pl., is that in the
case of a devise, if an ordinary bill of revivor were resorted to,
the heir would be pretermitted, who might have a right to con-
test the devise; and hence there must be an original bill, in the
nature of a bill of revivor, to which the heir or executor should
be made a party as well as the devisee or legatee. But, as is
said in section 378 of Story Eq. Pl., such a bill "will have so
far the effect of a bill of revivor, that if the title of the repre-
sentative substituted by the act of the deceased party is estab-
lished, the same benefit may be had of the proceedings upon
the former bill, as if the suit had been continued by a bill of
revivor."

Now, as William Carson and James Petigru Carson are de-
signated as sole heirs at law as well as devisees of Caroline
Carson, it is very obvious that the reason for the distinction
above adverted to does not apply in this case; and, therefore,
even under the former practice, they might have been brought
in by an ordinary bill of revivor, and when so brought in, could
only contest the fact that they stood in such a relation to Caro-
line Carson as entitled them to represent the interest transmitted
to them by her, either as heirs or devisees. Indeed, so far as
appears in this case, the parties sought to be brought in
must be regarded as taking as heirs at law and not as
devisees, for the doctrine is well settled that where a tes-
tator devises and bequeathes his property to his heirs, in the
sense which that word conveys under our law, this does not
amount to a testamentary disposition. *Seabrook* v. *Seabrook*,
McMull. Eq., 201; same case as reported in 10 Rich. Eq., 495.
As it is well expressed by Dargan, Ch., in his Circuit decree in

the case last cited, affirmed by the Court of Appeals: "It is undoubted law that where a testator gives by his will the same estate to the same persons, who would be entitled to take that estate by operation of law in case of an intestacy, the devise or legacy will be void, and the right of the party or parties entitled will be referred to the law of distributions and descents. If there be any variation between the dispositions which the will and which the law makes in such a case, either in regard to the persons who are to take or to the quantity of the estate, the title will be referred to the will." In this case, so far as appears, there is no such variation; and, on the contrary, the undisputed statement is that Mrs. Carson devised her entire real estate to her two sons, who were her sole heirs at law. It must, therefore, be regarded, in the light of the facts before us, that William Carson and James Petigru Carson take as heirs and not as devisees; but whether they take in the one capacity or the other, makes no difference in this case; for when brought in they are not entitled to answer the complaint generally, but are only entitled to contest the fact that they are heirs or that they are devisees of Mrs. Caroline Carson, and will be bound by all the former proceedings in the cause.

We are of opinion, therefore, that the Circuit Judge erred in so much of the order appealed from as permits William Carson and James Petigru Carson to "answer the complaint herein," and their answer should be restricted to the points above indicated.

As this is said to be a new question in this State, and as one of the grounds of appeal opens the way for the purpose, we may add that the proper practice in a case of this kind is for the party who desires to continue an action against the representatives of a deceased party, to make an *ex parte* application, based upon a proper showing by affidavit, for a rule against the persons sought to be brought in, requiring them to show cause why the action should not be continued against them in the character ascribed to them, and upon default in showing good cause, the action will be so continued.

The judgment of this court is, that the order appealed from be reversed, in so far as it conflicts with the views herein an-

nounced, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary.