## QUICK v. CAMPBELL.

1. EXECUTOR—PARTY BY REVIVAL—CASE CRITICISED.—A defendant to the cause having died after testimony taken by the referee, the executor of the deceased, against whom the action was continued, and who filed his answer, is bound by a report of the referee afterwards made on such testimony and by the judgment of the court confirming such report. Dunham *v.* Carson, 42 S. C., 383, approved.

2. IBID.—IBID.—ACTIONS.—The statutory prohibition of actions against an executor, until the expiration of twelve months after the probate of the will, has no application to actions pending against testator at the time of his death and revived against his executor as a substituted party.

3. EXCEPTIONS—APPEAL RECORD.—A fact found by the Circuit Judge will not be reviewed on appeal where the "Case" does not furnish the testimony upon which the finding was based.

4. ISSUES—PLENE ADMINISTRAVIT not being pleaded, the decree against an executor should not be subject to such a plea.

5. ADMINISTRATOR—DISCHARGE.—A discharge granted by decree of the Probate Court to an administrator, after proper advertisement and a full accounting, releases the administrator, after the lapse of six years, from further accountability to all persons, except a "distributee, legatee, *cestui que trust*, ward, or lunatic," who was not made a party.

Before NORTON, J., Chesterfield, September, 1894.

Action by Eveline Quick and Mary A. Quick, in her own right and as administratrix of Mary C. Ruthven, deceased, against Allan Campbell and others, commenced in February, 1892, for partition, accounting, and general relief. The referee reported, *inter alia,* that C. G. Ruthven, as administrator of Daniel Ruthven, deceased, owed the estate $647.07, as shown by the statement of accounts; that it being admitted that J. W. Ousley, as administrator, made a final accounting, and was discharged by the judge of probate more than six years before the commencement of this action, he could not be held personally responsible for anything; and that plaintiffs were entitled to a decree against him subject to the plea of *plene administravit,* and also against Allan Campbell, as executor of D. L. Campbell, for the amount found to be due by the administrator of Daniel Ruthven, deceased.

These and other findings of the referee were excepted to. So much of the Circuit decree as was excepted to was as follows:

Daniel Ruthven died intestate 17th April, 1866, in said county and State. The defendant, C. G. Ruthven, administered on his personal estate, and gave Alexander Douglass and D. L. Campbell as sureties on his administration bond, dated 21st of May, 1866. Alexander Douglass died, and the defendant, James W. Ousley, fully administered his personal estate, and was discharged from his office by the Probate Court in 1882, and nothing appears to show the invalidity of the discharge. It follows that James W. Ousley is not administrator of said estate, and is not a proper party to this action, and said estate is not represented in this action, and cannot be affected by any judgment herein. D. L. Campbell, the other surety, died the 20th October, 1893, pending this action, and after he had been made a party thereto and the reference held. Allan Campbell has administered upon his estate, has been properly made a party to this action, and is bound as administrator by all the proceedings in the cause had in the lifetime of D. L. Campbell, and by which the deceased was bound, and by all proceedings since this defendant became a party. C. G. Ruthven has not

fully administered the personal estate of Daniel Ruthven, deceased. The exception is well taken, that the sureties on the administration bond were not liable for rents of lands received by the administrator ($20) in 1869; but the administrator is personally liable.   *   *   *

All other exceptions to the referee's report are overruled, and the report as modified by the foregoing rulings confirmed.

It is further ordered and adjudged, that the lands described in the complaint be sold as recommended, and that the proceeds of sale be distributed as recommended, except, &c.

The plaintiffs, with Preston Quick as administrator, appealed, as did also Allan Campbell.

*Mr. W. F. Stevenson,* for plaintiffs.

*Mr. E. J. Kennedy,* for Allan Campbell.

July 11, 1895.   The opinion of the court was delivered by

MR. JUSTICE GARY.   For a proper understanding of the questions raised by the exceptions herein, it will be necessary to state only the following facts: This action was commenced on the      day of February, 1892, for the partition of the lands of Daniel Ruthven, who died intestate on the 17th of April, 1866; also for an accounting by the defendant, C. G. Ruthven, who administered on his personal estate, and gave Alexander Douglass and D. L. Campbell as sureties on his administration bond, dated 21st of May, 1866.   Alexander Douglass died years ago, and the defendant, James W. Ousley, fully administered his personal estate, and was discharged from his office by the Probate Court in 1882, and nothing appears to show the invalidity of the discharge.   D. L. Campbell, the other surety, died on the 20th of October, 1893.

On the 16th of February, 1893, his honor, Judge Ernest Gary, made an order referring all issues of law and fact to W. J. Hanna, Esq., as special referee.   The special referee held references on the 25th of April, the 7th and 25th days of August, 1893, when the reference was closed, and arguments made by the attorneys.   At the February term of the court, 1894, his

honor, Judge Aldrich, made the following order: "It appearing that D. L. Campbell has died since the institution of this action, and that it is now in the hands of a referee; on motion of W. F. Stevenson, plaintiff's attorney, it is ordered, that the administrator of said D. L. Campbell be substituted on the record in his stead by amendment, and that the case proceed in the usual way before the referee."

Plaintiffs amended their complaint as follows: "I. That they adopt all the allegations of their former amended complaint in this case on file in this cause, and make the same a part of this complaint, and crave reference thereto as often as may be necessary.  II. That in addition to the allegations therein contained, they allege that since the institution of this action, D. L. Campbell has departed this life testate, and the defendant, Allan Campbell, has proved the will of D. L. Campbell and qualified as his executor, and has been made a party to this action by the service of a summons, pursuant to the order of this court." The defendant, Allan Campbell, after adopting the defences set up in the answer of D. L. Campbell, his testator, alleged as further defence: "I. That Duncan L. Campbell, his testator, departed this life on the 20th day of October, A. D. 1893.  II. That this defendant, on the 16th day of February, 1894, filed in the Court of Probate for Chesterfield County the last will and testament of his testator, Duncan L. Campbell, deceased, and on said day had the same probated, and duly qualified thereon as executor of said estate.  III. That the plaintiff has no right or authority to commence an action against him as executor of the estate of Duncan L. Campbell, for the recovery of their claim against the estate of his testator, until after the lapse of twelve months from the 16th day of February, 1894."

Without further testimony or any further order of reference, the referee filed, on the 22d of August, 1894, his report. The defendant, Allan Campbell, filed exceptions to said report. The case came on to be heard at the September term of the court, 1894, before his honor, Judge Norton, whose decree will be incorporated in the report of the case.

We will first consider the exceptions of Allan Campbell. Exceptions 1, 5, and 6 will be considered together, and are as

follows: "1. Because his honor erred in rendering against him any judgment whatever, when he had never had any hearing before the referee. 5. Because his honor erred in rendering judgment against this defendant, when there had neither been an order of reference as to his rights, nor a hearing as to him before the referee. 6. Because his honor erred in rendering judgment against him without allowing him the right or privilege of a trial."

The defendant, Allan Campbell, was simply *substituted* upon the record in the place of his testator, and does not, therefore, occupy the position of one who has been made a party defendant claiming independent rights, as in the case of *Ex parte Maurice*, 24 S. C., 178. Section 142 of the Code provides: "No action shall abate by the death * * * of a party * * * if the cause of action survive or continue. In case of death * * * of a party the court, on motion at any time within one year thereafter, * * * may allow the action to be continued by or against his representative or successor in interest." The latest judicial utterance of this court in construing this section is found in the case of *Dunham* v. *Carson*, 42 S. C., 383, the rubric of which [in 20 S. E. Rep., 197,] is as follows: "Where, on the death of a defendant, in an action to foreclose a mortgage on land, her devisees are, by order, made parties defendant, it is error to provide in the order that they may answer the complaint generally, as the only question they can raise by answer is, whether they are the heirs or devisees of the deceased." See, also, *Lyles* v. *Haskell*, 35 S. C., 391. These exceptions are, therefore, overruled.

The second exception is as follows: "2. Because this defendant was not liable to an action as executor for the debts of his testator until after the expiration of twelve months from the probate of his testator's will, and his honor erred in holding otherwise." Section 2322 of the Revised Statutes (1893) provides that: "No action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate until twelve months after the probate of will or grant. of administration." The section just quoted has no application to a case like this. It was in-

tended to apply to cases where the original action was commenced against the executor or administrator, and not when the representative is substituted on the record in the place of his testator or intestate. This exception is overruled.

The third exception is as follows: "3. Because his honor erred in sustaining the referee's finding, that plaintiffs are entitled to a decree against this defendant for $647.07, when there was no evidence to show any assets of his testator had gone into his hands, and when the defendant had never been given the opportunity of showing how much he had received." This exception only involves a question of fact. The testimony is not set forth in the "Case," and there is nothing before us to show that there was error on the part of the Circuit Judge. This exception is also overruled.

The fourth exception is as follows: "4. Because his honor erred in sustaining the finding of the referee, that plaintiffs were entitled to a decree against this defendant not subject to the plea of *plene administravit.*" In addition to what has just been said in regard to the third exception, it does not appear that the plea of *plene administravit* was interposed either by D. L. Campbell or Allan Campbell, his representative. This exception is overruled.

We come now to a consideration of the exceptions filed by the plaintiffs and Preston Quick, administrator, which are as follows: "1. Because the court erred in holding that a discharge by the judge of probate, and the lapse of six years thereafter before action brought on an obligation of the intestate, terminates the office of administrator, and there is no longer any administrator, and James W. Ousley could not be sued, under these circumstances, upon an obligation of his intestate. 2. Because the court erred in holding that the estate of Alexander Douglass was not represented in this cause, and that James W. Ousley was not a proper party to this cause. 3. Because the court erred in holding that a judgment could not be entered in the case against James W. Ousley, as administrator of Alexander Douglass, subject to the plea of *plene administravit.* 4. Because the court erred in dismissing the complaint as against James W. Ousley, as administrator of Alexander Douglass.

These exceptions all depend upon whether these parties are bound by the order of the Probate Court discharging the defendant, James W. Ousley, as administrator of the estate of Alexander Douglass, deceased. Section 41 of the Code provides that "It shall not be lawful for any judge of probate in this State to grant a final discharge to any executor, administrator, trustee, guardian, or committee, unless such executor, administrator, trustee, guardian, or committee shall have finally accounted for the estate in his hands, and have given notice in a newspaper of the county (if there be no newspaper published in the county, then in some newspaper having the greatest circulation therein), for the space of at least one month, that on a day certain application will be made to the said judge of probate for a final discharge: *Provided*, That in Charleston and Richland Counties the publication shall be tri-weekly. No such discharge shall affect any distributee, legatee, *cestui que trust*, ward, or lunatic who has not been made a party to such application, either by personal service of the notice or by publication in the mode provided for absent defendants."

The special referee in his report says: "It is admitted that he (James W. Ousley) made a final accounting and was discharged by the judge of probate more than six years before the commencement of this action." There was no exception to this part of the special referee's report. His honor, Judge Norton, in his decree found that "the defendant, James W. Ousley, fully administered his (Alexander Douglass') personal estate and was discharged from his office by the Probate Court in 1882, and nothing appears to show the invalidity of the discharge." The said discharge was binding upon all except those mentioned in the proviso to said section, to wit: "any distributee, legatee, *cestui que trust*, ward or lunatic, who has not been made a party to such application either by personal service of the notice or by publication in the mode provided for absent defendants." The appellants filing these exceptions do not occupy any of the positions mentioned in the said proviso, and are, therefore, bound by the said discharge. There is another reason why these exceptions should be overruled. As has been said, none of the testimony is set forth in the "Case;" the cor-

rectness of the Circuit Judge's conclusions in regard to the matter of discharge of the administrator, depends upon questions of fact. When the testimony is not set out in the "Case" upon which the Circuit Judge based his decree, this court must presume that the Circuit Judge had before him such facts as were sufficient to sustain his conclusions. These exceptions are, therefore, overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.